1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN KEITH BRIM,                    )     1:11-cv-01293-AWI-JLT HC
                                            )
12                 Petitioner,             )     FINDINGS AND RECOMMENDATIONS TO
                                            )     DENY  RESPONDENT'S MOTION TO
13         v.                              )     DISMISS (Doc. 12)
                                            )
14    H. A. RIOS, JR.,                     )     ORDER DIRECTING THAT OBJECTIONS
                                            )     BE FILED WITHIN TWENTY DAYS
15                 Respondent.             )
      _____   )

16

17                          **PROCEDURAL HISTORY**

18         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2241.

20         The instant petition for writ of habeas corpus was filed on August 5, 2011.  (Doc. 1).

21   Petitioner, presently serving a life sentence at the United States Penitentiary, Atwater, California, for

22   his 1996 conviction in the United States District Court for the Central District of California for the

23   manufacture and possession of phencyclidine.  (Doc. 12, Ex. 1).  The petition challenges the results

24   of a July 27, 2010 prison disciplinary hearing finding Petitioner guilty of Attempted Introduction of

25   Narcotics and Use of the Telephone to Further Criminal Activity, which resulted in forty days'

26   disallowance of good conduct time, sixty days disciplinary segregation, one year's loss of visits, one

27   year's loss of telephone, one year's loss of email,  and a recommendation for a disciplinary transfer.

28   (Doc. 12, Ex. 1).

                                            1

On August 15, 2011, the Court ordered Respondent to file a response to the petition.  (Doc. 3).  On November 1, 2011, Respondent filed the instant motion to dismiss, contending that, because Petitioner is serving a life sentence upon which the loss of credits has no effect, the Court lacks subject matter jurisdiction over the petition.  (Doc. 12).  On November 16, 2011, Petitioner filed his opposition.  (Doc. 13).  On November 17, 2011, Petitioner filed an addendum to his opposition. (Doc. 14).

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Initially, the Court considers Petitioner's argument that a motion to dismiss is not considered a "responsive pleading," and therefore, by filing a motion to dismiss in lieu of an answer, Respondent has conceded the claims in the petition under Fed. R. Civ. P. 8(b).  (Doc. 13, p. 6). Petitioner's argument, however, fails to appreciate the delicate interaction of the Federal Rules of Civil Procedure with the Rules Governing Section 2254 Cases.

The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).  Indeed, the Court noted as much in the August 15, 2011 order requiring Respondent to file a response.  (Doc. 3, p. 2, fn. 1).

The Federal Rules of Civil Procedure, on the other hand, "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed.R.Civ.P. 81(a)(4).   Rule 12 also provides "[t]he Federal Rules of Civil Procedure, *to the extent that they are not inconsistent with any statutory provisions or these rules*, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases. (Emphasis supplied).

Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's

2

1    determination that summary dismissal is inappropriate, the "judge must order the respondent to file

2    an answer or *other pleading . . . or to take other action  the judge may order* ."  Rule 4, Rules

3    Governing Section 2254 Cases (emphasis added); see  also Advisory Committee Notes to Rule 4 and

4    5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an

5    answer on the substantive merits of the petition and that the Attorney General may file a Motion to

6    Dismiss for failure to exhaust.);  White v. Lewis , 874 F.2d 599, 60203 (9th Cir. 1989) (providing

7    that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)   Thus,  Rule

8    4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly

9    appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

10   to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.[1]

11        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

12   the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

13   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

14   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

15   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

16   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

17   Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court

18   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

19        Accordingly, Petitioner's argument that, by filing a motion to dismiss in response to the

20   Court's August 15, 2011 order to respond, Respondent has conceded the merits of the petition, is

21   completely without basis.  In its order to respond, the Court clearly envisioned responses in the form

22   of motions to dismiss that raise issues, such as the instant claim of lack of jurisdiction, that would

23   justify summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

24        B.  Jurisdiction

25        Respondent contends that the Court lacks subject matter jurisdiction over the petition because

26   _____

27   [1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those
     brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2)
     provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such
28   proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."
     Fed. R. Civ. P 81(a)(2).

1   the petition challenges a prison disciplinary hearing that resulted in, inter alia, the loss of good time

2   credits for Petitioner that could not possibly affect the length of Petitioner's sentence or the date of

3   his release.  Petitioner counters that Respondent has misapprehended federal law and that, in any

4   event, as a life prisoner he lacks any other viable legal avenue for relief other than a petition under §

5   2241.  For the reasons set forth below, the Court agrees with Petitioner and will recommend that the

6   motion to dismiss be denied.

7          Relief by way of a writ of habeas corpus extends to a person in custody under the authority of

8   the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the

9   validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28

10  U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

11  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g.,

12  Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir. 2000);  United States v. Giddings, 740 F.2d

13  770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief

14  under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed

15  in an illegal, but not necessarily unconstitutional, manor. See, e.g., Clark v. Floyd, 80 F.3d 371, 372,

16  374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal

17  custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment

18  center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner

19  could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of

20  inaccurate pre-sentence report used to deny parol).

21         By contrast, a federal habeas corpus petition is the correct, and only, method for a state

22  prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574

23  (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334

24  F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a

25  prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes

26  to Rule 1 of the Rules Governing Section 2254 Cases.

27         Here, Petitioner asserts that he suffered violations of his rights as guaranteed by the United

28  States Constitution.  Petitioner's claims arise out of a disciplinary hearing conducted on July 27,

4

1    2010, after which the DHO found that Petitioner had committed the prohibited acts of Attempted

2    Introduction of Narcotics and Use of the Telephone to Further Criminal Activity.  As a result of the

3    hearing officer's finding of guilt, Petitioner was sanctioned, inter alia, with the loss of certain credits,

4    the loss of various privileges, including, email, visitation, and telephone, as well as confinement in

5    administrative segregation for sixty days.  Thus, Petitioner is challenging the execution of his

6    sentence, which, for a federal prisoner, is maintainable *only* in a habeas corpus proceeding.  Tucker

7    v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990).  Indeed, this is the very conclusion the Court noted in

8    its August 15, 2011 order to Respondent to file a response.  (Doc. 3, p. 2).

9           Respondent argues that this Court's own decisions are to the contrary, citing Xiong v.

10   Adams, 2010 WL 3069245 (E.D. Cal. Aug. 4, 2010).  (Doc. 12, p. 6).  Respondent's reliance on that

11   case, however, is misplaced.   In Xiong, the petitioner was a state prisoner proceeding pursuant to §

12   2254, not a federal prisoner proceeding pursuant to § 2241.  As discussed above, the distinction is

13   critical, since the Court's jurisdiction is broader in the latter circumstance.

14          More on point are the two cases cited by Petitioner, Valdez v. Adler, 2010 WL 4819076

15   (E.D. Cal. Nov. 19, 2010), and Cardenas v. Adler, 2010 WL 2180378 (E.D. Cal. May 28, 2010).

16   (Doc. 13, p. 3).  Both of those cases were decided by this Court and both involved federal prisoners

17   challenging the results of disciplinary hearings.  In both instances, this Court concluded that habeas

18   jurisdiction existed.

19          Moreover, it is unnecessary to consider the effect, if any, of Petitioner's loss of credits on his

20   life sentence because the jurisdictional analysis for a federal prisoner hinges not upon whether the

21   disciplinary hearing affects the length of his sentence, but upon whether the disciplinary hearing and

22   its attendant sanctions implicate the execution of Petitioner's sentence.  Since it clearly does,

23   jurisdiction is present.

24          Because the Court concludes, as it did in its earlier order to respond, that it has habeas

25   jurisdiction over these proceedings, it will recommend that Respondent's motion to dismiss be

26   denied and that Respondent file an answer to the petition.

## RECOMMENDATIONS

28          For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion

1   to dismiss the petition (Doc. 12) should be DENIED.

2        This Findings and Recommendation is submitted to the United States District Court Judge

3   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

4   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

5   twenty (20) days after being served with a copy of this Report and Recommendation, any party may

6   file written objections with the Court and serve a copy on all parties.  Such a document should be

7   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

8   Objections shall be served and filed within fourteen days (plus three days if served by mail) after

9   service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

10  U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

11  time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

12  (9th Cir. 1991).

13  IT IS SO ORDERED.

14  Dated:   **December 8, 2011**                              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6