UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH BRIM,<br><br>        Petitioner,<br><br>  v.<br><br>H. A. RIOS, JR., Warden,<br><br>        Respondent. | Case No.: 1:11-cv-01293-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 20)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition for writ of habeas corpus was filed on August 5, 2011. (Doc. 1). Petitioner is presently serving a life sentence at the United States Penitentiary, Atwater, California, for his 1996 conviction in the United States District Court for the Central District of California for the manufacture and possession of phencyclidine. (Doc. 12, Ex. 1). The petition challenges the results of a July 27, 2010 prison disciplinary hearing finding Petitioner guilty of Attempted Introduction of Narcotics and Use of the Telephone to Further Criminal Activity, which resulted in forty days' disallowance of good conduct time, sixty days disciplinary segregation, one year's loss of visits, one year's loss of telephone, one year's loss of email, and a recommendation for a disciplinary transfer. (Doc. 12, Ex. 1).

1   On August 15, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 3).
2   On November 1, 2011, Respondent filed the instant motion to dismiss, contending that, because
3   Petitioner is serving a life sentence upon which the loss of credits has no effect, the Court lacks subject
4   matter jurisdiction over the petition. (Doc. 12). On November 16, 2011, Petitioner filed his
5   opposition. (Doc. 13). On November 17, 2011, Petitioner filed an addendum to his opposition. (Doc.
6   14).

7   On December 8, 2011, the Court issued Findings and Recommendations to deny Respondent's
8   motion to dismiss. (Doc. 15). On February 6, 2012, the District Judge adopted the Findings and
9   Recommendations of the Magistrate Judge, denied the motion to dismiss, and referred the case back to
10  the Magistrate Judge for further proceedings. (Doc. 18). On February 10, 2012, the Court again
11  ordered Respondent to file a response to the petition. (Doc. 19). On April 3, 2012, Respondent filed
12  the instant motion to dismiss, contending that the petition was moot because the finding of guilt
13  arising from the disciplinary hearing had been reversed and the proceedings expunged from
14  Petitioner's prison record. (Doc. 20). On April 12, 2012, Petitioner filed an opposition to the motion
15  to dismiss, contending that, while his record had been expunged of the disciplinary violation, he
16  continued to suffer sanctions, i.e., loss of email and telephone privileges, despite the expungement.
17  (Doc. 21, p. 2).

## DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, a careful review of the instant petition discloses that the only relief requested by Petitioner was the expunging of the incident report that gave rise to the disciplinary proceedings.

(Doc. 1, p. 11).  A careful review of the petition also reveals that nowhere in the body of the petition does Petitioner reference the loss of email and telephone privileges as habeas claims, much less does he request their restoration as a remedy.   As mentioned, the only remedy requested was expungement of the contested incident report.  Petitioner concedes that this was done.  Thus, it appears that the only relief *requested by Petitioner* has been provided by Respondent, and therefore there is no further relief this Court can provide Petitioner.  Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.   Hence, Respondent's motion to dismiss should be granted.[1]

## RECOMMENDATION

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 20), be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

---

[1] To the extent Petitioner is now arguing that mere loss of email and telephone privileges as a result of a disciplinary hearing that has been entirely expunged would, by themselves, support the Court's habeas jurisdiction, the Court disagrees. The Supreme Court's decisions in Nelson v. Campbell, 541 U.S. 637, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), determined that 42 U.S.C. § 1983 provides no remedy in "conditions of confinement" cases where the claims asserted lie "at the core of habeas." Id.   Here, Petitioner's loss of email and telephone privileges claims do not lie "at the core of habeas" because they do not affect the execution of his criminal sentence. Thus, those claims, standing alone, are not cognizable under § 2241. See Castillo v. FBOP FCI Fort Dix, 221 Fed. Appx. 172  (3d Cir. 2007)(not selected for official publication)(rejecting § 2241 petitioner's claim that loss of telephone and visitation privileges were sufficient to support habeas jurisdiction).

Case 1:11-cv-01293-AWI-JLT   Document 22   Filed 05/11/12   Page 4 of 4

Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 10, 2012**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE